AO 243 (Rev. 01/15)                                                                                      Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | Eastern District of TEXAS (Tyler) |
|---|---|---|
| Name *(under which you were convicted):*<br>38137-511 | | Docket or Case No.:<br>6:24-cr-00115-JDK-JDL-1 |
| Place of Confinement:<br>FCI Pollock | | Prisoner No.:<br>38137-511 |
| UNITED STATES OF AMERICA | | Movant *(include name under which convicted)* |
| V. | 38137-511 | **FILED** |

### MOTION

APR 0 2 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

     U. S. District Court
     Eastern District of Texas
     Tyler Division

     (b) Criminal docket or case number (if you know): 6:24-cr-00115-JDK-JDL-1

2. (a) Date of the judgment of conviction (if you know): 7/31/2025

     (b) Date of sentencing: 7/30/2025

3. Length of sentence: 360 months

4. Nature of crime (all counts):

     Ct 1: Possession with Intent to Distribute Less than 40 Grams or More of A Mixture or Substance Containing A Detectable Amount of Fentanyl Resulting to Death and Serious Bodily Injury, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1).; Cts 2-6: Possession with Intent to Distribute Less than 40 Grams or More of A Mixture or Substance Containing A Detectable Amount of Fentanyl, in violation of 21 U.S.C. § 841(a)(1).;
     Cts 7-8: Using, Carrying, and Possession of A Firearm During and In Relation to, and in Furtherance of A Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c).; Ct 9: See Memorandum of Law in support.

5. (a) What was your plea? (Check one)

     (1) Not guilty ☐          (2) Guilty ☑          (3) Nolo contendere (no contest) ☐

     (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

     Guilty on Count 1.

6. If you went to trial, what kind of trial did you have? (Check one)      Jury ☐      Judge only ☑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ☐      No ☑

8. Did you appeal from the judgment of conviction?      Yes ☐      No ☑

AO 243 (Rev. 01/15)                                                                    Page 4

    (6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐     No ☐

    (7)   Result: _____

    (8)   Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

    (1)   Name of court: _____

    (2)   Docket of case number (if you know): _____

    (3)   Date of filing (if you know): _____

    (4)   Nature of the proceeding: _____

    (5)   Grounds raised:

    (6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐     No ☐

    (7)   Result: _____

    (8)   Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)   First petition:    Yes ☐    No ☐

    (2)   Second petition:  Yes ☐    No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12.    For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

AO 243 (Rev. 01/15)                                                                                                    Page 6

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**     Ineffective Assistance of Sentencing Counsel

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Sentencing counsel's failure to:

(1) Properly Discuss and Explain the PSR to Wallace Prior to the Sentencing Hearing;
(2) File Substantive Objections to the PSR;
(3) Argue for Mitigation of Punishment and Object to His Sentence Being Substantively Unreasonable; and
(4) File a Notice of Appeal Deprived Wallace of Effective Assistance of Sentencing Counsel Under the Sixth Amendment, A Fair and Just Sentence.

See Memorandum of Law in Support.

(b)  **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☐

AO 243 (Rev. 01/15)                                                                                    Page 8

(b) **Direct Appeal of Ground Three:**

   (1)  If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐        No ☐

   (2)  If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

   (1)  Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐        No ☐

   (2)  If you answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):


   (3)  Did you receive a hearing on your motion, petition, or application?
        Yes ☐        No ☐

   (4)  Did you appeal from the denial of your motion, petition, or application?
        Yes ☐        No ☐

   (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐        No ☐


   (6)  If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

 (3) Did you receive a hearing on your motion, petition, or application?

  Yes ☐  No ☐

 (4) Did you appeal from the denial of your motion, petition, or application?

  Yes ☐  No ☐

 (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

  Yes ☐  No ☐

 (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

 (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging? Yes ☐  No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

Page 13

Therefore, Wallace respectfully requests that the Court grant the following relief:

Vacate his conviction and sentence to start anew; alternatively, grant an Evidentiary hearing to further prove his grounds set forth above, resolve facts in dispute, expand an incomplete record or any other relief to which this Court deems that he may be entitled.

Respectfully submitted,

_____

KYM ANDREW WALLACE
REG. NO. 38137-511
FCI POLLOCK
FEDERAL CORR. INSTITUTION
P.O. BOX 4050
POLLOCK, LA 71467
Appearing *Pro Se*

## DECLARATION OF KYM ANDREW WALLACE

I, Kym Andrew Wallace, declarant herein, declare and attest to the facts in the above and foregoing Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to be true and correct to the  best of my knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746. I placed this § 2255 Motion in the prison mailbox on the date below invoking the prison mailbox rule. See *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Dated: March 25, 2026

_____
KYM ANDREW WALLACE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KYM ANDREW WALLACE, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil No. 6:26-cv-_____ |
| | § | Crim No. 6:24-cr-00115-JDK-JDL-1 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND MEMORANDUM OF LAW IN SUPPORT

COMES Movant, KYM ANDREW WALLACE ("Wallace"), appearing *pro se*, and in support of this motion would show as follows:

### I. JURISDICTION

Wallace is timely filing a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") contemporaneously with this Memorandum of Law. Jurisdiction is vested in this District Court that presided over and imposed sentence pursuant to Rule 4(a) of the Rules Governing § 2255 Proceedings. See *Liteky v. United States,* 510 U. S. 540, 562 (1994).

1

than 40 Grams or More of A Mixture or Substance Containing A Detectable Amount of Fentanyl Resulting to Death and Serious Bodily Injury, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). *Id.* Counts 2 through 6 charged Wallace with Possession with Intent to Distribute Less than 40 Grams or More of A Mixture or Substance Containing A Detectable Amount of Fentanyl, in violation of 21 U.S.C. § 841(a)(1). *Id.* Counts 7 and 8 charged Wallace with Using, Carrying, and Possession of A Firearm During and In Relation to, and in Furtherance of A Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). *Id.* Count 9 charged Wallace with Unlawful Possession of A Firearm, in violation of 18 U.S.C. § 924(o). *Id.* The Indictment also contained Notice of Intent to Seek Criminal Forfeiture, pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853(a), and 28 U.S.C. §2461. *Id.*

On January 8, 2025, a Change of Plea Hearing was held before Magistrate Judge John D. Love. See Doc. 23. Wallace plead guilty to Count 1 of the Indictment pursuant to a Plea Agreement which has been filed and disclosed in open court pursuant to Fed. R. Crim. P. 11(c)(2). See Doc. 25.

On July 30, 2025, a Sentencing Hearing was held before District Judge Jeremy D. Kernodle. No Doc. Entry. Wallace was sentenced to term of 360 months' imprisonment, 3 years of Supervised Release and a Mandatory Special Assessment Fee of $100. *Id.* No direct appeal was filed in this case.

3

would entitle him to relief." *United States v. Batamula*, 823 F.3d 237 (5th Cir. 2016). "[A] petitioner need only allege – not prove – reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *United States v. Kayode*, 777 F.3d 719 (5th Cir. 2014). However, a district court need not hold a hearing if the allegations are "patently frivolous," "based upon unsupported generalizations," or "affirmatively contradicted by the record." *Holmes*, 876 F.2d at 1553.

A § 2255 Motion requires the district court to either order the government to respond or to hold an evidentiary hearing unless the Motion, files and record of the case demonstrate that no relief is warranted. See *Aron*, 291 F.3d at 715 n.6. "Under 28 U. S. C. § 2255, unless the motion and record as constituted show conclusively that relief is not available, an evidentiary hearing should be held." 28 U.S.C. § 2255(b).

Upon granting a § 2255 Motion, "[t]he court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him . . . or correct the sentence as may appear appropriate." 28 U. S. C. § 2255. The remedy provided in § 2255 is broad and flexible, and entrusts the federal courts with the power to fashion appropriate relief. See *Andrews v. United States*, 373 U. S. 334, 339 (1963).

Ineffective assistance of counsel claims are cognizable in a § 2255 setting because they are of constitutional dimension. See *Kimmelman v. Morrison*, 477 U.

5

of counsel's performance. With regard to the performance prong of the *Strickland/Hill* test, "if a defendant is represented by counsel and pleas guilty upon advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U. S. 759 (1970). "[T]o prove prejudice, [Wallace] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 841-42. "And, of course, 'any amount of actual jail time has Sixth Amendment significance,' which constitutes prejudice for purposes of the *Strickland* test." *Glover v. United States*, 531 U.S. 198, 203 (2001). Additionally, "[o]ne of the most precious applications of the Sixth Amendment may well be in affording counsel to advise a defendant concerning whether he should enter a plea of guilty." *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). "Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'" See *Missouri v. Frye*, 132 S. Ct. 1399 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376 (2012); *Premo v. Moore*, 131 S. Ct. 733, 743 (2011); *Padilla v. Kentucky*, 130 S. Ct. 1473, 1480-81 (2010).

In an effort to provide guidance as to how *Hill* applies to differing factual settings, the Supreme Court decided *Lafler* and *Frye* and established a constitutional standard applicable in all of the separate phases of a criminal trial to which the Sixth

7

521, 531 (5th Cir. 2004). A criminal defendant has a Sixth Amendment right to the effective assistance of counsel on direct appeal. *Evitts*, 469 U.S. at 396. Claims for ineffective assistance of appellate counsel are governed by the two-part *Strickland* standard. See *Dorsey v. Stephens*, 720 F.3d 309, 319 (5th Cir. 2013).

In order to prove ineffective assistance of appellate counsel, Wallace must first show that his attorney's performance was deficient, and second, he must demonstrate that such deficiency caused him prejudice. See *Strickland*, 466 U.S. at 687; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). To prevail on his claim that his attorney failed to adequately brief an issue on direct appeal, Wallace must show initially that the appeal would have had, with reasonable probability, a different outcome if his attorney adequately addressed the issue. See *Jones*, 163 F.3d at 302. "This requires that [the Court] counter-factually determine the probable outcome on appeal . . ." *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999). Wallace must then demonstrate that his attorney's deficient performance led to a fundamentally unfair and unreliable result. See *Goodwin*, 132 F.3d at 176. A claim of ineffective assistance of counsel is reviewed *de novo*. See *Williamson*, 183 F.3d at 461. The Court must first determine whether there is a reasonable probability that, but for counsel's deficient performance, the result of the appeal would have been different.

9

Upon granting a § 2255 Motion, "[t]he court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him . . . or correct the sentence as may appear appropriate." 28 U. S. C. § 2255.

## V. DISCUSSION

As a preliminary matter, Wallace respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *United States v. Kayode*, 777 F.3d 719 (5th Cir. 2014) (*Pro se* pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same).

A. Pretrial Counsel's Failure To: (1) Communicate with Wallace and Inform Him of the Relevant Circumstances and Likely Consequences of Pleading Guilty As Opposed to Proceeding to Trial; (2) Conduct An Adequate and Independent Pretrial Investigation; and (3) Attempt to Negotiate A Favorable Plea Agreement Deprived Wallace of Effective Assistance of Pretrial Counsel Under the Sixth Amendment of the Constitution of the United States.

1. Failure to Communicate with Wallace and Inform Him of the Relevant Circumstances and Likely Consequences of Pleading Guilty as Opposed to Proceeding to Trial

Chapter 1, Rule 1.4: Communication of the Texas Rules of Professional Conduct states that:

11

the standard as set forth above in Rule 1.4 of the Texas Rules of Professional Conduct or any other professional norm for that matter. Thorson failed to reasonably consult with Wallace about the means to be used to accomplish his objectives other than persuade Wallace to plead guilty.

Adequacy of communication depends in part on the kind of advice or assistance that is involved. Because Wallace wholly relied on his counsel's advice, he acquiesced to same. Here, Thorson failed to meaningfully communicate with Wallace regarding several issues that were indispensable to any rational plea evaluation: (1) the strengths and weaknesses of the Government's evidence; (2) the heightened medical-causation requirements applicable to a "death resulting" charge; (3) available defenses under *Burrage v. United States* and *United States v. Krieger*, 628 F.3d 857, 869 (7th Cir. 2010); and (4) Wallace's true sentencing exposure if convicted at trial compared to pleading guilty. Without this information, Wallace was deprived of the ability to intelligently assess his legal position. The Supreme Court has repeatedly recognized that plea decisions must be based on competent legal advice because a defendant's waiver of trial rights is valid only when made knowingly and intelligently. Where counsel's deficient advice prevents a defendant from understanding viable defenses or the prosecution's burden of proof, the resulting plea cannot be considered constitutionally sound. The guiding principle is that a

13

2.    Failure to Conduct An Adequate and Independent Pretrial Investigation

Defense counsel has a constitutional duty to conduct a "reasonably substantial, independent investigation" into both the facts of the case and applicable law to provide effective assistance. See *Neal v. Puckett*, 239 F.3d 683, 688 (5th Cir. 2001) (quoting *Baldwin v. Maggio*, 704 F.2d 1325, 1332-33 (5th Cir. 1983)). The U.S. Supreme Court has explained the governing standard:

> Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland,* 466 U.S. at 690-91.

In this case, Thorson failed to conduct a reasonable and independent pretrial investigation, as required by constitutional standards. Counsel did not thoroughly research relevant case law, investigate key facts, or explore potential defenses. Specifically:

15

case's sentencing exposure.

Under *Burrage v. United States*, 571 U.S. 204 (2014), the Government must prove that the controlled substance distributed by the defendant was the but-for cause of death. Where toxicology findings are inconclusive or alternative causes exist, expert testimony becomes indispensable.

A reasonable investigation would have revealed powerful defenses, including: the absence of definitive toxicological confirmation; competing substances or medical conditions; uncertainty acknowledged by the medical examiner; and the Government's inability to conclusively establish but-for causation.

The Fifth Circuit recognizes prejudice where an adequate investigation would have uncovered evidence capable of altering the outcome or affecting plea decisions. See *United States v. Grammas*, 376 F.3d 433, 438–39 (5th Cir. 2004) (deficient performance during plea stage is prejudicial when it affects a defendant's decision-making).

Had counsel uncovered and explained these weaknesses, Wallace would have possessed a substantial basis to reject the plea and proceed to trial.

        c.      Failure to Seek Independent Investigative Resources

Thorson failed to file a motion requesting funds for a private investigator, as permitted under 18 U.S.C. § 3006A(e). The Fifth Circuit has emphasized the

17

when counsel's failures undermine the reliability of the outcome. See *Strickland*, 466 U.S. at 694; *United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014).

In light of the above, Thorson's failure to conduct an adequate and independent pretrial investigation constituted ineffective assistance of counsel under *Strickland*. This deficiency deprived Wallace of the ability to make informed decisions about his defense and undermined the fairness of the proceedings. Therefore, Wallace's conviction and sentence should be vacated, and he should be granted relief to ensure his constitutional rights are preserved.

3.   Failure to Attempt to Negotiate a Favorable Plea Agreement

Effective assistance of counsel during plea negotiations is a cornerstone of the Sixth Amendment. The Supreme Court has emphasized that a defendant must be adequately informed of "the relevant circumstances and the likely consequences" of pleading guilty versus proceeding to trial in order to make an intelligent decision. See *Lee v. United States*, 582 U.S. ___ (2017); *Brady v. United States*, 397 U.S. 742, 748 (1970). Counsel's role includes providing accurate information about potential sentencing exposure, plea offers, and the strengths and weaknesses of the case.

Where a defendant pleads guilty or rejects a plea deal based on misadvice or inadequate representation, this constitutes deficient performance under *Strickland*, if the failure falls below an objective standard of reasonableness. Furthermore, the

19

where that evidence bears directly on guilt or punishment. See *United States v. Herrera*, 412 F.3d 577, 580–81 (5th Cir. 2005) (deficient performance where counsel's advice rested on an incomplete understanding of critical facts); *Anderson v. Johnson*, 338 F.3d 382, 392–93 (5th Cir. 2003) (failure to investigate material evidence undermining prosecution's case constitutes ineffective assistance).

Additionally, because Thorson failed to obtain the toxicology and autopsy reports, Wallace was led to believe that the Government possessed conclusive proof that the alleged victim died from fentanyl usage attributable to Wallace. This belief was central to Wallace's decision to plead guilty.

In reality, the available medical evidence raised significant uncertainty regarding causation. The toxicological findings did not conclusively establish fentanyl as the but-for cause of death, and the medical examiner classified the manner of death as undetermined. These facts directly affected whether the Government could satisfy the demanding causation standard later articulated in *Burrage v. United States*, 571 U.S. 204 (2014), requiring proof that the controlled substance was the but-for cause of death.

By advising Wallace to plead guilty without reviewing this evidence, Thorson effectively deprived Wallace of the ability to evaluate a viable defense. The Supreme Court has made clear that a plea entered under materially incorrect assumptions

21

leaving Wallace with the mistaken belief that conviction at trial was inevitable.

Because Thorson advised Wallace to plead guilty without reviewing the central scientific evidence necessary to assess guilt, Wallace's plea was not the result of informed and effective counsel. The Sixth Amendment does not permit a conviction based on a plea induced by uninformed legal advice concerning the most critical element of the offense.

Accordingly, there exists a reasonable probability that, had Thorson obtained the toxicology report and autopsy findings, Wallace would have rejected the plea agreement and proceeded to trial.

> B. **Sentencing Counsel's Failure To: (1) Properly Discuss and Explain the PSR to Wallace Prior to the Sentencing Hearing; (2) File Substantive Objections to the PSR; (3) Argue for Mitigation of Punishment and Object to His Sentence Being Substantively Unreasonable; and (4) File a Notice of Appeal Deprived Wallace of Effective Assistance of Sentencing Counsel Under the Sixth Amendment, A Fair and Just Sentence.**

> 1-3. **Failure to Properly Discuss and Explain PSR to Wallace, File Substantive Objections to the PSR, and Argue for Mitigation of Punishment.**

Counsel's duties at sentencing include ensuring that the defendant fully understands the contents and implications of the PSR, raising substantive objections to incorrect or unsupported enhancements, and advocating for mitigation to secure

23

narcotics capable of producing opioid overdose, and no admission blood confirming opioid intoxication. Because fentanyl was not detected, the Government cannot establish that fentanyl ingestion caused death — much less that it was the but-for cause.

Under *Burrage*, absence of confirmed drug causation legally defeats the enhancement. Courts consistently vacate §841 death-resulting convictions where medical evidence fails to prove direct causation.

Also, in *United States v. Krieger*, 628 F.3d 857, 869 (7th Cir. 2010), the Court of Appeals emphasized that criminal liability cannot rest upon speculative medical conclusions where causation is uncertain. The court explained that when death could have resulted from multiple potential causes, the Government must present reliable evidence establishing that the charged conduct actually produced the fatal result, not merely that it might have contributed. *Krieger* makes clear: ambiguous medical findings cannot sustain enhanced criminal liability; conjecture or inference cannot substitute for proof beyond a reasonable doubt; and causation must be supported by reliable scientific evidence.

Here, the medical examiner explicitly classified the death as undetermined, eliminating any scientifically reliable conclusion that fentanyl caused death. Thus, the Government's theory amounts to precisely the type of speculation rejected in *Krieger*.

Effective representation requires counsel to scrutinize each factual allegation that may increase punishment. The Fifth Circuit has emphasized that sentencing advocacy requires active engagement with PSR findings rather than passive acceptance. Here, Thorson's silence transformed disputed allegations into binding sentencing facts, depriving Wallace of adversarial testing guaranteed by the Sixth Amendment.

Beyond factual statements, the PSR included evaluative conclusions impacting sentencing outcomes, including conclusions regarding: causation certainty, offense severity, and sentencing recommendations tied to guideline calculations. A PSR must contain reliable information possessing sufficient indicia of reliability to support probable accuracy.

When conclusions lack evidentiary support, counsel has a duty to object and require the Government to meet its burden of proof. Instead, sentencing counsel permitted unsupported conclusions to stand unchallenged, effectively shifting the burden onto Wallace and allowing sentencing enhancements to be imposed without evidentiary scrutiny.

This failure is constitutionally significant because sentencing courts frequently rely heavily on PSR recommendations when determining punishment. Without objections: no evidentiary hearing occurred, no expert testimony was presented, and

During the sentencing phase, Thorson rendered constitutionally ineffective assistance by failing to advocate for mitigation and by failing to object to the substantive unreasonableness of the sentence imposed. Sentencing is a critical stage of the proceedings, and the Sixth Amendment guarantees that a defendant is entitled to effective counsel capable of presenting information that may influence the court's determination of an appropriate and individualized sentence. In Wallace's case, counsel did not meaningfully investigate or present mitigating factors that could have justified a lower sentence, nor did counsel challenge the Government's characterization of the offense or the applicability of enhancements that dramatically increased his exposure.

Effective advocacy at sentencing requires not only ensuring the accuracy of factual findings in the PSR but also providing the court with a complete picture of the defendant's history, personal characteristics, and the circumstances surrounding the offense. Here, Thorson failed to present evidence that Wallace's involvement was overstated, that the causation underlying the "death resulting" enhancement was medically and scientifically uncertain, or that his personal history and potential for rehabilitation warranted a downward variance. This failure deprived the court of crucial information under 18 U.S.C. §3553(a), including the need for a sentence sufficient but not greater than necessary, consideration of the nature and

29

constitutionally unreliable and fundamentally unfair.

For these reasons, Wallace's Sixth Amendment right to effective assistance of counsel was violated, and the appropriate remedy is vacatur of the sentence and resentencing with competent advocacy that fully considers mitigation and the proportionality of punishment.

### 4.    Failure to File a Notice of Appeal

Thorson's failure to file a notice of appeal on behalf of Wallace constitutes *per se* ineffective assistance of counsel under the Sixth Amendment. The filing of a notice of appeal is a "ministerial task," and when counsel fails to file a requested notice of appeal, prejudice is presumed. This rule holds even where the defendant has signed an appeal waiver, provided that counsel fails to consult with the defendant about his appellate rights or fails to file the notice because he misunderstood the defendant's wishes.

The Supreme Court has squarely held that the failure to file a notice of appeal when requested by a defendant is unconstitutional and automatically prejudicial. In *Garza v. Idaho*, 139 S. Ct. 738 (2019), the Court explained that:

> "when counsel fails to file a requested notice of appeal, a defendant is entitled to reestablishment of his or her direct appeal rights."

31

issues present in his case — including the disputed causation evidence, lack of reliable evidence supporting the death-resulting enhancement, and other guideline and substantive sentencing issues.

By failing to file a notice of appeal or to properly consult with Wallace about his rights, Thorson denied Wallace the opportunity to seek review of significant legal and factual issues that could have altered the outcome of his case. This failure constitutes deficient performance under the Sixth Amendment.

Because of Thorson's deficient performance, he was not able to bring other meritorious issues that could have and should have been raised on appeal especially the sentencing was unreasonable.

Accordingly, Wallace's sentence should be vacated for resentencing.

## VI. CONCLUSION

In light of the foregoing, it is evident that Wallace was deprived of his constitutional right to effective assistance of counsel at both the plea-bargaining and sentencing phases of his case. Counsel's failure to adequately inform Wallace of the implications of his plea, properly object to inaccuracies in the PSR, and advocate for a fair and just sentence constitute deficient performance under the standards established by *Strickland*, and its progeny. These errors prejudiced Wallace, resulting in a significantly harsher sentence than he otherwise would have received had counsel

33

Respectfully submitted,

Dated: March 25, 2026

KYM ANDREW WALLACE
REG. NO. 38137-511
FCI POLLOCK
FEDERAL CORR. INSTITUTION
P.O. BOX 4050
POLLOCK, LA 71467
Appearing *Pro Se*

35